# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Debra Nelson, | Case No. 2:25-cv-405-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Curtiss Wright Electro Mechanical Corp. d/b/a Wright Steam and Air Solutions, Stephanie Lanier, and Shane Sablotsky, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 250), recommending that Defendants' partial motion to dismiss (Dkt. No. 93) be granted in part and denied in part. The parties were advised that a failure to timely file written objections to the R & R would result in limited clear error review and waiver of the right to appeal the District Court's order. (*Id*. at 28). No party filed objections to the R & R.

**Legal Standard**

A.  <u>Review of Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See*

1

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

B. Pro se Litigants

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

C. Rule 12(b)(6) Motions to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 531 (D.S.C. 2014). All allegations are assumed to be true and all reasonable inferences are read in favor of the nonmoving party. *E.I. Dupont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). A motion to dismiss should not be granted so long as the nonmoving party has asserted a claim that has "more than a conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 511 (4th Cir. 2015).

**Discussion**

Plaintiff brought this action initially with counsel but subsequently has proceeded pro se. She asserts various state and federal causes of action against her former employer and supervisors. In a thorough R & R, the Magistrate Judge recommended that Defendants' motion to dismiss be

granted regarding the breach of contract claim and denied regarding challenges to the legal sufficiency of Plaintiff's Title VII, ADEA, Title VI, slander, and tortious interference with contract claims. (Dkt. No. 250 at 11-27). The Magistrate Judge noted that a number of factual issues regarding these claims required further development, making disposition at the motion to dismiss stage inappropriate. As earlier mentioned, no party filed objections to the R & R.

The Court finds that the Magistrate Judge ably summarized the factual and legal issues raised in Defendants' partial motion to dismiss and correctly determined that the motion to dismiss should be denied for all claims except the breach of contract claim. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 250) as the order of the Court and denies Defendants' motion to dismiss (Dkt. No. 93) for all claims except the breach of contract claim.

**AND IT IS SO ORDERED**.

                                                  s/ Richard Mark Gergel
                                                  Richard Mark Gergel
                                                  United States District Judge

January 5, 2026
Charleston, South Carolina