**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Debra Nelson, | Case No. 2:25-405-RMG |
| Plaintiff, | |
| v. | |
| Curtiss Wright Electro Mechanical Corp, d/b/a Curtiss-Wright Steam and Air Solutions, Stephanie Lanier, and Shane Sablotsky, | **ORDER** |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this case be dismissed because of Plaintiff's willful violation of the Court's discovery orders. The Magistrate Judge further recommended, in the alternative, that sanctions short of dismissal be imposed including the striking of certain claims and damages allegations. (Dkt. No. 309). Plaintiff filed objections to the R & R, arguing that her violation of the Court's discovery orders was justified because the discovery required was "overbroad, intrusive, and harassing." (Dkt. No. 311). The matter has been fully briefed and is ripe for disposition.

## I. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See*

1

28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

### C. Sanctions for Disobedience of Discovery Order

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure sets forth various sanctions that can be imposed on a party who disobeys the discovery orders of a court, which include:

1. "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;"

2. "striking pleadings in whole or in part;"

3. "staying further proceedings until the order is obeyed;"

4. "dismissing the action or proceeding in whole or in part;"

5. "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

The Fourth Circuit has adopted a four part test to determine the appropriate sanction under Rule 37. These include (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice suffered by the opposing party from the noncompliance; (3) the need for deterrence for the type of non-compliance; and (4) whether less drastic sanctions would be effective. *Anderson v. Foundation for Advancement, Education, and Employment of American Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

## II.    Factual Background

This case arises out of an employment related dispute between Plaintiff and her former employer, Defendant Curtiss Wright Electro Mechanical Corp. ("Curtiss Wright"). The case was filed in state court and was removed by Defendants to federal court. Plaintiff was initially represented by counsel, but counsel withdrew early in the litigation and Plaintiff has proceeded pro se. The matter was routinely referred to the Magistrate Judge for pretrial handling.

Plaintiff asserts in her Fourth Amended Complaint fourteen causes of action: (1) race discrimination in violation of Title VII and § 1981; (2) sex discrimination in violation of Title VII; (3) age discrimination under the ADEA; (4) hostile work environment in violation of Title VII; (5) retaliation in violation of Title VII and the ADEA; (6) slander claims against Defendants Lanier and Sablotsky; (7) tortious interference with contract against the individual defendants; (8) whistleblower retaliation; (9) race discrimination in violation of Title VI; (10) invasion of privacy; (11) illegal interception of communications in violation of the Federal Wiretap Act; (12) intentional infliction of emotional distress; (13) breach of contract; and (14) civil conspiracy. (Dkt. No. 79).

Defendants propounded a number of discovery requests related to Plaintiff's causes of action and damage claims. Plaintiff failed to respond to a number of discovery requests.

3

Defendants moved to compel responses to a broad range of discovery issues. (Dkt. No. 207). The more significant discovery disputes involved Defendants' requests for information and documents relating to alleged monetary damages; claims of emotional distress and injury; basic financial disclosures (tax returns, disability benefits, etc.); communications with an individual, Jeff Womack, who Plaintiff claimed had knowledge of her claims; communications with government agencies where she was alleged to have discussed her claims; social media postings by Plaintiff related to her claims; and execution of release forms for medical and psychotherapy records. Plaintiff objected to these discovery requests, arguing that they were overbroad, harassing, and irrelevant to her claims. (Dkt. No. 213). Plaintiff further argued that her medical and therapy records were protected by privilege and refused to produce more than a brief summary prepared by her therapist.

The Magistrate Judge addressed these discovery disputes in a thorough and thoughtful twenty four page order, issued on December 15, 2025. (Dkt. No. 251). The Magistrate Judge found that Defendants' requests for financial information related to Plaintiff's damages claims and communications about her claims with government agencies and on social media were discoverable and compelled Plaintiff to respond fully to them. (*Id.* at 8-11).

The Magistrate Judge extensively discussed Plaintiff's arguments that her therapy and medical records were off limits because of physician and therapist privileges. The Magistrate Judge found that, because Plaintiff asserts claims for intentional infliction of emotional distress and compensatory damages for emotional injuries, she put her medical and therapy records at issue and made them relevant to this civil action. The Magistrate Judge further found that by asserting emotional claims and injuries, Plaintiff waived the privilege normally associated with such records. (*Id*. at 14-15).

4

Recognizing the potential sensitivity of Plaintiff's mental health records, the Magistrate Judge gave Plaintiff a choice: she could abandon her intentional infliction of emotional distress and emotional damages claims and no production of treatment records would be required.  If she insisted on going forward on these claims, however, "Defendants [would be] entitled to full and fair discovery regarding those claims." (*Id.* at 15).  Plaintiff was given until January 30, 2026, to comply with the December 15, 2025, discovery order. (*Id.*).

Defendants subsequently advised the Court that Plaintiff had not complied with the Magistrate Judge's discovery order, producing only one YouTube video and some text messages to Jeff Womack.  (Dkt. No. 292 at 2, 4).   Defendants moved for sanctions, arguing that responses to the document requests and interrogatories were "essential information" regarding Plaintiff's "alleged whistleblower reports; administrative complaints; proof of monetary damages; and evidence supporting her assertion that she suffered emotional distress as a result of Defendant's conduct." (*Id*. at 2).  Defendants proposed either the complete dismissal of the suit or the striking of a broad range of claims and causes of action related to issues for which Plaintiff has refused to comply with the Court's discovery order. (*Id*. at 18-19).

Plaintiff responded to Defendant's motion for sanctions by arguing that her non-compliance with the Court's December 15, 2025, discovery order was not "willful defiance" but was due to her objections to the discovery ordered to be produced by the Magistrate Judge.  She argued that her opposition to the production of the ordered records were based on "privacy, proportionality, and relevance," all issues the Magistrate Judge had previously addressed in the R & R. (Dkt. No. 294 at 2).

The Magistrate Judge subsequently issued the instant R & R on Defendants' motion for sanctions. The Magistrate Judge found that Plaintiff had acted in bad faith in failing to comply

with the Court's December 15, 2025, order. (Dkt. No. 309 at 19). The Magistrate Judge stated that "Plaintiff has demonstrated a blatant disregard for the Court's December 15 order, as evidenced by her repeated assertions of objections that the Court has already addressed and resolved. In fact, Plaintiff explicitly stated in her January 5, 2026 filing that she intended to disregard the Court's December 15 order and would only follow the order to the extent she saw fit." (*Id*. at 20) (citing Dkt. No. 272). The Magistrate Judge further found that Defendants were "severely prejudiced" by Plaintiff's defiance of the Court's discovery order and that the Court has a significant interest in requiring compliance with the Court's discovery orders. (*Id*. at 20-21).

The Magistrate Judge proposed to the Court two alternative sanctions based upon Plaintiff's willful violation of the Court's discovery orders. One option would be to dismiss the case outright, which was well supported by Rule 37 and the decisional law in the Fourth Circuit. Alternatively, if the District Court found dismissal to be too harsh a sanction, the Magistrate Judge recommended the Court strike causes of action and claims in areas in which Plaintiff had willfully failed to comply with the December 15 discovery order. (*Id*. at 24).

## III.    Discussion

The record before the Court fully supports the Magistrate Judge's findings that Plaintiff has willfully failed to comply with the Court's December 15, 2025, discovery order and that her failure to comply with the basic requirements of discovery has severely prejudiced Defendants. If a party represented by counsel engaged in such defiance, the Court would likely dismiss the action under Rule 37 and consider sanctioning the attorney. Plaintiff has treated orders of this Court like suggestions, not commands, and appears unwilling to comply with the rules of the Court. The fact that Plaintiff is acting pro se does not excuse her from compliance with the orders of the Court.

The Court has a strong preference for cases to be decided on their merits and routinely provides pro se plaintiffs some flexibility because of their unfamiliarity with Court rules and standards.  But there are basic standards of order and decorum that are essential to maintaining a legal process that is fair to all parties, an essential part of which is compliance with the Court's orders and discovery rules. Despite every effort to obtain compliance from Plaintiff to the Court's discovery orders and rules, it is clear that Plaintiff will not comply and that sanctions are necessary under these circumstances.

Although the Court would be fully justified in dismissing this action with prejudice due to Plaintiff's willful defiance of the Court's discovery orders, the Court finds that a lesser sanction at this point is likely sufficient to address the significant prejudice suffered by Defendants due to Plaintiff's misconduct.   The Court notes, however, that if Plaintiff willfully violates any future orders of the Court, the potential sanction of dismissal with prejudice will be revisited.

The Court imposes the following sanctions as a result of Plaintiff's willful defiance of the Court's discovery order:

1. Plaintiff's cause of action for intentional infliction of emotional distress (Count 12) is dismissed with prejudice;

2. Plaintiff's prayer for relief for "emotional distress" (Prayer for Relief (b)) is struck with prejudice;

3. Plaintiff's claim for compensatory and economic damages (Prayer for Relief (b)) is struck with prejudice;

4. Plaintiff's cause of action for whistleblower retaliation (Count VIII) is dismissed with prejudice;

5. Plaintiff's cause of action for invasion of privacy (Count X) is dismissed with prejudice;

6. Plaintiff's cause of action for illegal interception of communication claims (Count XI) is dismissed with prejudice; and

7. Plaintiff is prohibited from using any evidence that she withheld in support of any remaining claim.

The case is now remanded to the Magistrate Judge to address any summary judgment motions which any of the parties may wish to submit. Any assertion of fact by either party in a motion for summary judgment must cite to the record as the source of information on that alleged fact. Plaintiff may not assert facts that she has failed to assert or disclose in discovery. The Court takes under advisement Defendants' motion for attorney fees.

### Conclusion

For the foregoing reasons, the Court adopts as the Order of the Court pages 1-22 of the R & R (Dkt. No. 309) and adopts the alternative sanction recommended in the R & R (*Id*. at 24), as further detailed above.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 4, 2026
Charleston, South Carolina