**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Debra Nelson,<br><br>Plaintiff,<br>v.<br><br>Curtiss-Wright Electro Mechanical Corp., d/b/a Curtiss-Wright Steam and Air Solutions, Stephanie Lanier, and Shane Sablostsky,<br><br>Defendants. | Case No. 2:25-cv-405-RMG<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that the Court grant summary judgment to Defendants on all federal claims. The Magistrate Judge further recommends that the Court decline to exercise its supplemental jurisdiction over the pendent state law claims or, if the Court elects to exercise its supplemental jurisdiction, to grant summary judgment to Defendants on the pendent state claims. (Dkt. No. 334). Plaintiff filed objections to portions of the R & R and to previous procedural rulings of the Magistrate Judge and a reply brief. (Dkt. Nos. 336, 339). Plaintiff also moved to file a sur-reply brief. (Dkt. No. 340). Defendants filed a reply to the objections of Plaintiff to the R & R (Dkt. No. 338) and an objection to the Magistrate Judge's recommendation that the Court decline to exercise its supplemental jurisdiction over Plaintiff's pendent state claims. (Dkt. No. 337). The Court has made a de novo review of all matters to which specific objections have been made and made a clear error review of all other portions of the R & R to which no specific objections were made.

## I. Legal Standard

### A. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II. Discussion

This action arises out of an employment dispute brought by Plaintiff against her former employer and several supervisors. Plaintiff was initially represented by counsel but subsequently proceeded pro se. The matter was referred to the Magistrate Judge for pretrial handling.

Plaintiff filed four amended complaints and made more than twenty discovery-related motions. The Magistrate Judge ordered on December 15, 2025, that no further discovery would be allowed beyond the deadline set in the scheduling order. (Dkt. No. 251 at 24). Nonetheless, Plaintiff continued filing discovery motions, which the Magistrate Judge struck. (Dkt. Nos. 257, 261, 263, 264, 271, 289). The Magistrate Judge recommended that sanctions be imposed for Plaintiff's willful violation of her orders, which the Court adopted in part. (Dkt. Nos. 309, 316). The Magistrate Judge then directed the parties to file and brief any dispositive motions (Dkt. No. 318), which ultimately led to the R & R presently pending before the Court. The Court addresses below the parties' objections to the R & R.

A. Plaintiff's objection to the striking of her sur-reply to Defendant's motion for summary judgment.

After briefing was fully completed on Defendants' motion for summary judgment, Plaintiff filed, without permission, a sur-reply raising new arguments and producing documents never previously produced to Defendants in discovery. The Magistrate Judge struck the sur-reply and the voluminous documents attached to it as necessary to prevent endless briefing of the summary judgment motion, enforcement of the previous sanctions order, and to avoid the abusive practice of disclosing new documents and arguments at a time when Defendants could no longer respond. (Dkt. No. 334 at 12-14).[1] Plaintiff objects to the striking of her sur-reply, describing this a "wholesale exclusion of relevant evidence without sufficient individualized consideration of the

---

[1] The Magistrate Judge noted that even if Plaintiff was permitted to submit the new documents and arguments in the form of a sur-reply brief, they would not have changed her recommendation of summary judgment on the Plaintiff's federal claims. (Dkt. No. 334 at 14 & n. 7)

documents, their origins, whether they were previously disclosed or possessed by Defendants, and whether consideration would prejudice Defendants." (Dkt. No. 336 at 1-3).

The Local Rules for the District of South Carolina make no provision for sur-reply briefs and they are permitted only in limited circumstances, most notably where a reply brief raises new issues not previously raised in the litigation and then only with the express permission of the Court. *F.D.I.C. v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013). In this particular case, Plaintiff had every opportunity to raise any issues she wished to assert throughout the protracted pretrial process, and Defendants did not raise new issues for the first time in their reply brief. The filing of a sur-reply under these circumstances was inappropriate and invited endless churning of issues. The rules of the Court produce an orderly and coherent process to adjudicate issues, and the Magistrate Judge was entirely correct in striking the sur-reply and the numerous documents attached to it. The Court overrules Plaintiff's objections to the striking of her sur-reply brief.

B. <u>Plaintiff's objection that the Magistrate Judge allegedly failed to consider her complaints of discrimination and the Defendants' responses to them as evidence supporting retaliation and pretext</u>.

The Magistrate Judge reviewed in detail in the R & R Plaintiff's reports of alleged discrimination she submitted within the company and to outside agencies. (Dkt. No. 334 at 2-5). The Magistrate Judge determined, however, that the various disciplinary actions taken against her by her employer, including termination, were based on unprofessional conduct admitted to by Plaintiff in her deposition. This included an email sent by Plaintiff to the Human Resources Department in which she stated that "your excuses are BS" and a telephone conversation with Human Resources in which Plaintiff stated "that's some f***ing bull****." (*Id.* at 31). She also acknowledged that after being warned that any further unprofessional conduct would not be tolerated, she went to Defendant Lanier's office and yelled at her while waving a paper in her face.

She was then escorted out of the building and subsequently terminated. (*Id.* at 30-31). The Magistrate Judge concluded that "Plaintiff has failed to present any admissible evidence from which this Court might infer intentional discrimination or retaliation." (*Id*. at 33).

Plaintiff objects to the Magistrate Judge's findings on retaliation, contending that the Magistrate Judge failed to consider the various submissions she made alleging discrimination as a basis for her employer's adverse disciplinary actions. (Dkt. No. 336 at 3-4). In fact, the Magistrate Judge recounted in detail in the R & R each of the Plaintiff's administrative complaints (Dkt. No. 334 at 2-8). Further, the Magistrate Judge concluded that the multiple disciplinary actions taken by Plaintiff's employer were taken for legitimate, nondiscriminatory reasons and not a pretext for discriminatory conduct. (Dkt. No. 334 at 29-33). The Court overrules the Plaintiff's objections to the Magistrate Judge's findings regarding her retaliation claim.

C. <u>Plaintiff's objection to the Magistrate Judge's disparate treatment analysis and finding that there was no comparator who was treated more favorably than Plaintiff</u>.

The Magistrate Judge analyzed Plaintiff's Title VII and Section 1981 claims under the *McDonnell Douglas* burden shifting paradigm, noting that Plaintiff had failed to produce any direct or circumstantial evidence to support a "mixed motive" racial discrimination claim. (Dkt. No. 334 at 18-19). Under the *McDonnell Douglas* framework, a plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *Cosby v. South Carolina Probation, Parole, and Pardon Services*, 93 F.4th 707, 714 (4th Cir. 2024). If a plaintiff can meet that standard, the burden then shifts to the employer to produce a legitimate, nondiscriminatory reason for the employment action. If the employer meets that standard, the burden shifts back to

the employee to show that the asserted reason was pretext. *Wannamaker-Amos v. Purem Novi, Inc.*, 126 F.4th 244, 256-57 (4th Cir. 2025).

The Magistrate Judge assumed without deciding that Plaintiff could meet the job performance requirements of prong two but was unable to identify any similarly situated comparator who was treated more favorably than her. The Magistrate Judge analyzed in detail the facts surrounding two employees that Plaintiff identified as comparators, Patrick Ingram and Brian Fogarty. The Magistrate Judge concluded that the two employees were not similarly situated to Plaintiff, "undermining her disparate treatment claims." (Dkt. No. 334 at 20-23). The Magistrate Judge further found that "the record is devoid of any admissible evidence demonstrating that Plaintiff was treated less favorably than Ingram or Fogarty on account of her sex and/or race, or that she was deprived of opportunities or subjected to adverse action on account of her sex and/or race, and Plaintiff has proffered no discernible arguments or admissible evidence that might support an inference of sexual or racial discrimination." (*Id.* at 23). Instead, the Magistrate Judge found that Plaintiff "provides nothing more than her own personal speculation and belief in support of her discrimination claims." (*Id.*).

Instead of identifying specific errors in the R&R, Plaintiff simply repeats the arguments already presented to the Magistrate Judge. (Dkt. No. 336 at 4). It is well settled that where no specific error has been identified and the objection simply rehashes arguments already presented to the Magistrate Judge, it is unnecessary to respond further to the objection other than to review for clear error. *Diamond v. Colonial Life and Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Nealy v. Warden*, 2018 WL 6695713, at *1 (D.S.C. Dec. 20, 2018). After conducting a clear error

review, the Court overrules Plaintiff's objection regarding the Magistrate Judge's analysis of alleged comparator evidence and disparate treatment. [2]

D. Plaintiff's objection to "treatment of sworn deposition testimony and Defendant's own records."

Plaintiff made a generalized reference to the Magistrate Judge's alleged failure to weigh "contradictory deposition testimony and documentary evidence." (Dkt. No. 336 at 5). The only specific citation provided for this alleged contradictory evidence was to the Plaintiff's unauthorized sur-reply brief and its eighteen attachments. (Dkt. No. 329 and attachments).

The Court overrules this objection on multiple grounds. First, as addressed in Section III(A) of this Order, the Magistrate Judge properly struck the unauthorized sur-reply brief and its attachments. Second, the generalized referenced to alleged contradictions in the record without citation is effectively no objection at all. Third, the Court has reviewed the record in this matter and has found that the Magistrate Judge ably and thoroughly analyzed the record in this matter in a forty-two-page R & R and correctly concluded that Defendants were entitled to summary judgment as a matter of law.

E. Plaintiff's objections to the Magistrate Judge's retaliation and hostile work environment findings.

Plaintiff makes a generalized objection to the Magistrate Judge's findings and conclusions

---

[2] Plaintiff objects to the Magistrate Judge failing to address a third alleged comparator, Michelle Broman Bolton. (Dkt. No. 336 at 4-5). The Defendants correctly argue that Ms. Bolton was raised by Plaintiff as a possible comparator for the first time in her stricken sur-reply brief, which made consideration of her as a possible comparator inappropriate as an objection to the Magistrate Judge's R & R. (Dkt. No. 338 at 6-7).

regarding Plaintiff's retaliation and hostile work environment claims. (Dkt. No. 336 at 5-6). Without identifying any specific testimony or documents, she asserts that the "reasonable inferences" from this evidence "should be considered under Rule 56." (*Id*. at 5).

The Court has reviewed the Magistrate Judge's very thorough discussion of Plaintiff's hostile work environment claim (Dkt. No. 334 at 25-28) and retaliation claim (*Id*. at 29-33). The Magistrate Judge's factual and legal analysis is well supported by the record and demonstrates clearly that the recommendation that the Court grant summary judgment on these two claims is well supported by the statutory and case law in this area. Plaintiff's generalized objection, without citation to any particular finding or legal conclusion, is effectively no objection at all. The Court finds no merit in this objection of Plaintiff and overrules it.

F. <u>Plaintiff's objection to the Magistrate Judge's alleged "repeated disregard or exclusion of Plaintiff's material evidence throughout these proceedings</u>."

Plaintiff again raises objection to the Magistrate Judge's striking of the unauthorized sur-reply filing and attachments, complaining that she was not allowed to submit "material" evidence in support of her claims. (Dkt. No. 336 at 6). Nothing is further from the truth. Plaintiff was allowed to amend her complaint four times and submitted over twenty discovery motions. She was allowed to respond fully to the Defendants' motion for summary judgment and to cite to all relevant evidence in the record. What she was not allowed to do was to submit new discovery motions after the expiration of the discovery period or to file a sur-reply brief raising new issues and new evidence after all summary judgment briefing had been completed. Plaintiff also appears to object to the Magistrate Judge's ruling that if she did not produce her relevant mental health and medical records she could not assert her claim for intentional infliction of emotional distress (addressed in Paragraph III(G) below). (*Id*.).

The Court has fully addressed Plaintiff's objection to the striking of her unauthorized sur-reply brief at Paragraph III(A) of this Order. The Court has reviewed with care the Magistrate Judge's numerous rulings on discovery motions. The Court finds that Plaintiff's objection has no merit.

G. Plaintiff's objections to the Magistrate Judge's discovery orders:

Plaintiff has again raised the Magistrate Judge's order striking her unauthorized sur-reply brief and attachments, characterizing the ruling as "continued application of discovery sanctions." (Dkt. No. 336 at 7). Plaintiff also objects to the Magistrate Judge's ruling that she could not continue to assert a claim for intentional infliction of emotional distress if she refused to provide Defendants access to her relevant mental health records. (*Id.*). Further, Plaintiff argues that her noncompliance with the Court's discovery orders was "substantially justified."

The Magistrate Judge thoroughly addressed the issue of Plaintiff's duty to produce evidence of her mental health history if she sought to assert a claim for damages for alleged emotional distress. (Dkt. No. 251 at 12-15). This ruling was clearly correct as a matter of law. The Magistrate Judge offered Plaintiff an option of producing her mental health records or dismissing her emotional distress cause of action. (*Id.* at 14-15). She could not, however, seek damages for alleged emotional injury without providing Defendants access to her relevant mental health records. Plaintiff insisted on her right to produce only a letter from her therapist in response to Defendants' discovery requests. The Court ultimately dismissed Plaintiff's emotional distress claims for failing to comply with her discovery obligations. (Dkt. No. 316 at 7).

The Magistrate Judge's decision striking the unauthorized sur-reply brief, enforcing the discovery deadline in the Court's scheduling order, and dismissing the Plaintiff's emotional distress claims for failing to comply with the discovery orders were all correct decisions and vital

to maintaining the basic rules of the Court and the fairness of the judicial process. The Court overrules this objection.

H. Defendants' objection to the Magistrate Judge's recommendation that the Court decline to exercise its supplemental jurisdiction over the Plaintiff's state law claims and remand those claims to state court.

Defendants object to the Magistrate Judge's recommendation that the Court decline to exercise its supplemental jurisdiction over the Plaintiff's remaining state law claims. (Dkt. No. 334 at 37-38). The Magistrate Judge further recommended that if the Court did elect to exercise its supplemental jurisdiction, it should grant summary judgment to Defendants on the pendent state law claims of tortious interference and slander. (*Id.* at 38-40).[3] Plaintiff supports the Magistrate Judge's recommendation that the Court decline to exercise its supplemental jurisdiction. (Dkt. No. 339 at 1-2).

It is well settled that a district court may exercise pendent jurisdiction over state law claims which derive from the same core of operative facts as the federal claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The decision to exercise the district court's supplemental jurisdiction is within the sound discretion of the trial court and is guided by the principles of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50 (1988).

The pending state law claims before the Court in this action have been fully briefed and arise out of the same core of operative facts as the Plaintiff's federal law claims. The Court finds

---

[3] The Magistrate Judge characterized the civil conspiracy claim as a state law claim, but both Plaintiff and Defendants agree it is a federal claim arising under 42 U.S.C. § 1885(3). (Dkt. Nos. 322-1 at 33; 339 at 2). The Court addresses the civil conspiracy claim at Paragraph III(I) below.

that the interests of judicial economy, convenience and fairness heavily weigh in favor of the Court exercising its supplemental jurisdiction over these state law claims rather than remanding them to state court. Further, the Court finds no strong state interest in adjudicating the pendent state claims that might impair the comity between the state and federal courts. Consequently, the Court exercises its discretion to exercise its supplemental jurisdiction in this matter and addresses the pendent state claims below.

1. The tortious interference claim:

The Magistrate Judge found that Plaintiff raised no substantive arguments in response to Defendants' motion for summary judgment on the tortious interference claim and recommended that this claim be dismissed as abandoned. (Dkt. No. 334 at 38). The record plainly shows that Defendants moved for summary judgment on the tortious interference claim, persuasively arguing that a tortious interference claim by employees acting within the scope of their employment is subject to dismissal unless there is a showing of actual malice or personal motives outside of their employment. (Dkt. No. 322-1 at 30). There is no showing of actual malice or personal motive in this record. Based on the Defendants' well-reasoned arguments in support of their motion for summary judgment on the tortious dismissal claim and Plaintiff's failure to file any response in opposition, the Court grants the Defendants' motion for summary judgment on the tortious interference claim.

2. Slander:

Plaintiff's slander claims are based on an allegedly false disciplinary record. Plaintiff "specifically disputes Defendants' characterization of her as aggressive, hostile, threatening, and responsible for creating workplace conflict while minimizing or excusing similar conduct of other employees." (Dkt. No. 326 at 18). As the Magistrate Judge correctly found, communications

between officers and employees of a corporation on employment workplace related matters are subject to a qualified privilege in the absence of evidence of bad faith. (Dkt. No. 334 at 40). *See Conwell v. Spur Oil*, 125 S.E.2d 270, 275 (S.C. 1962). Plaintiff has made no showing that the challenged statements were made in bad faith and not in the normal course of business. The Magistrate Judge further found that there was no admissible evidence supporting a claim of slander in this record. (*Id.* at 39-40). The Court overrules Plaintiff's objection to the Magistrate Judge's recommendation that summary judgment be granted on Plaintiff's slander claim.

I. Plaintiff's objection to the Magistrate Judge's recommendation that her civil conspiracy claim be dismissed.

Defendants moved to dismiss Plaintiff's civil conspiracy claim arising under 42 U.S.C. § 1985(3) on the basis that such a claim is barred by the intra-corporate conspiracy doctrine because corporate agents acting within the scope of their employment are acts of the corporation alone and not a conspiracy by separate actors. (Dkt. No. 322-1 at 34); *see Buschi v. Kirven*, 775 F.2d 1240, 1251-52 (4th Cir. 1985). Plaintiff did not respond to Defendants' motion for summary judgment before the Magistrate Judge on this point. The Magistrate Judge recommended that the claim be dismissed as abandoned. (Dkt. No. 334 at 38). Based on the well-reasoned arguments of Defendants and Plaintiff's failure to respond to the Defendants' motion for summary judgment, the Court grants summary judgment to Defendants on the civil conspiracy claim.

J. Plaintiff's motion to file a sur-reply brief regarding the Magistrate Judge's R & R:

Plaintiff has filed a motion for authorization to file a sur-reply brief, in which she seeks to continue arguing the issues already presented in her objections to the R & R. (Dkt. No. 340 at 2-4). The Local Rules do not provide for sur-reply briefs. The issues in this case have been exhaustively briefed, and there is no need or justification for additional briefing on any of the

issues in this case. The time for a final decision has now arrived. The motion to file a sur-reply by Plaintiff is denied.

## III. Conclusion

Based upon the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 334) as the Order of the Court, except that the Court elects to exercise its supplemental jurisdiction over the state law claims. The Court **GRANTS** Defendants' motion for summary judgment on all claims (Dkt. No. 322) and **DISMISSES** this action with prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 15, 2026
Charleston, South Carolina